1    **DAVID A. DILLARD, CA Bar No. 97515**
     david.dillard@cph.com
2    **G. WARREN BLEEKER, CA Bar No. 210834**
     warren.bleeker@cph.com
3    **CHRISTIE, PARKER & HALE, LLP**
     **350 West Colorado Boulevard, Suite 500**
4    **Post Office Box 7068**
     **Pasadena, California 91109-7068**
5    **Telephone: (626) 795-9900**
     **Facsimile: (626) 577-8800**
6

7    Attorneys for Plaintiffs,
     SUNTECH POWER HOLDINGS CO., LTD.,
     WUXI SUNTECH POWER CO., LTD., and
8    SUNTECH AMERICA, INC.

9

10

               UNITED STATES DISTRICT COURT
11
             SOUTHERN DISTRICT OF CALIFORNIA
12

13

| | |
|---|---|
| SUNTECH POWER HOLDINGS CO., LTD., a corporation of the Cayman Islands, WUXI SUNTECH POWER CO., LTD., a corporation of the People's Republic of China; and SUNTECH AMERICA, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> SHENZHEN XINTIAN SOLAR TECHNOLOGY CO., LTD., a corporation of the People's Republic of China, and SUN TECH SOLAR CO., LTD., a Hong Kong corporation <br><br> Defendants. | Case No. 3:08-cv-01582-H-NLS <br><br> **PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER ALLOWING ALTERNATIVE SERVICE OF SUMMONS AND COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **DATE:   TBD** <br> **TIME:   TBD** <br> **CTRM:  13 (5th Floor)** <br><br> **HON. MARILYN L HUFF** |

## I.  **INTRODUCTION**

Plaintiffs seek an order to permit service of process of the Complaint and Summons on foreign Defendant Sun Tech Solar, by Federal Express, facsimile and electronic mail under Rule 4(f)(3).  Sun Tech Solar sells solar panel products under the marks "Sun Tech" and "Sun Tech Solar" that are virtually identical to Plaintiffs' solar panel products sold under the mark "Suntech."

Sun Tech Solar is a Hong Kong corporation and, absent Court order, must be served under the Hague Convention procedures, which generally takes three months.  Rule 4(f)(3), however, permits the Court to authorize alternate methods of service, as long as those methods are not prohibited by international agreement.

Plaintiffs have an urgent need to effectuate service of process.  Sun Tech Solar plans to exhibit and sell their infringing goods at the hugely popular "Solar Power International 2008" conference and expo scheduled for October 13-16, 2008 at the San Diego Convention Center.  Thousands of potential customers will be exposed to Sun Tech Solar's infringing products at the convention.  In order to prevent Sun Tech Solar from exhibiting their infringing products and thus prevent further harm to Plaintiffs, Plaintiffs seek a preliminary injunction to be heard on October 6, 2008, prior to the trade show.

Plaintiffs therefore seek an order from this Court under Rule 4(f)(3) to permit service of process by Federal Express, facsimile and electronic mail, so that Sun Tech Solar is properly served prior to the preliminary injunction hearing and trade show.[1]

---

[1] The other Defendant, SHENZHEN XINTIAN SOLAR TECHNOLOGY CO., LTD., is a Chinese corporation.  Because China objects to service by mail under the Hague Convention, Plaintiffs cannot rely on Rule 26(f)(3) in order to serve this Defendant prior to the preliminary injunction hearing.  Hong Kong, however, is a signatory of the Hague Convention under Great Britain. Even though Hong Kong is now a Special Administrative Region of China, Hong Kong has its own

Case No. 3:08-cv-01582-H-NLS

CHRISTIE, PARKER & HALE, LLP

## II.     **FACTUAL BACKGROUND**

Plaintiffs Suntech Power Holdings Co., Ltd., Wuxi Suntech Power Co., Ltd., and Suntech America, Inc. (collectively "Suntech") is one of the largest solar module providers in the world.  Complaint, ¶ 11.  It manufactures, markets and sells PV (photovoltaic) solar products to a wide variety of customers, including both commercial and residential.  Suntech's products have had substantial commercial success.  Suntech's products are distributed nationwide and Suntech has sales offices and installation partners throughout the United States, including in California.  *Id.*

Suntech is the owner of United States Trademark Registration No. 3,111,705 for "Suntech" and design ("the '705 Registration").  The '705 registration issued on July 4, 2006 and is valid and existing on the Principal Register of the United States Patent and Trademark Office (the "PTO").  *Id.*, ¶ 12; Exh. A.  Suntech is also the owner of the unregistered mark "Suntech" used in conjunction with the marketing and sale of solar module products.  Suntech's products bearing the mark "Suntech" are sold throughout the United States, including California.  Complaint, ¶ 14.

Defendant Sun Tech Solar Co., Ltd. ("Sun Tech Solar") is a Hong Kong company with its principal place of business in Hong Kong.  *Id.*, ¶¶ 8-9.  Sun Tech Solar sells PV solar products under the marks "Sun Tech" and "Sun Tech Solar."  *Id.*, ¶ 15.  It is the Hong Kong branch of Defendant Shenzhen Xintian Solar Technology Co., Ltd.  Sun Tech Solar's PV solar products are strikingly similar to Suntech's PV solar products.  *Id.*

Sun Tech Solar has registered as an exhibitor and will exhibit in an upcoming trade show, the "Solar Power International 2008" conference and expo scheduled for October 13-16, 2008 at the San Diego Convention Center.  *Id.* ¶ 18.

Central Authority.  *See, e.g.,* 20 U.S.T. 361; 16 I.L.M. 1339 (1977); Bleeker Decl., ¶ 7 Exh. C.

Case No. 3:08-cv-01582-H-NLS

CHRISTIE, PARKER & HALE, LLP

Plaintiff Suntech will also promote its solar products at this same trade show. *Id.* Sun Tech Solar's use of Suntech's marks on virtually identical products creates a high likelihood of confusion among Suntech's potential customers. Suntech's motion for a preliminary injunction against Sun Tech Solar will be heard on Monday, October 6, 2008, the week prior to the San Diego trade show. Bleeker Decl., ¶ 2.

On August 29, 2008, Plaintiffs sent copies of the Complaint and Summons to Defendant Shenzhen Xintian Solar Technology Co., Ltd. by facsimile. *Id.* ¶ 3. The President of the company, Yu Jiang, confirmed receipt of the facsimile in an email to counsel for Suntech on that some date. *Id.* ¶ 3; Exh. A. On August 30, 2008, Plaintiffs sent copies of the Complaint and Summons to Defendant Sun Tech Solar by Federal Express. The package was delivered on September 3, 2008. *Id.*, ¶ 4. On September 4, 2008, Suntech provided notice of this *ex parte* application to Defendants via facsimile and electronic mail. Bleeker Decl., ¶ 5; Exh. B. Counsel for Suntech has previously corresponded with Defendants via facsimile and electronic mail and have received responses from Defendants to this correspondence, both by facsimile and electronic mail. *Id.*, ¶ 6.

## III.   *EX PARTE* RELIEF IS APPROPRIATE.

Plaintiff Suntech seeks an order under Fed. R. Civ. P. 4(f)(3) permitting service by Federal Express, facsimile and electronic mail on Defendant Sun Tech Solar Co., Ltd., a Hong Kong company.

### A.   Service Under The Provisions of the Hague Convention Cannot Be Completed Prior To The Hearing On Suntech's Motion For A Preliminary Injunction.

In order to properly effectuate service on a foreign entity, Suntech must comply with Federal Rule of Civil Procedure 4(f). Rule 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service

Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). Both Hong Kong and the United States are signatories to the Hague Convention. 20 U.S.T. 361; 16 I.L.M. 1339 (1977); Bleeker Decl., ¶ 7 Exh. C. Service under the Hague Convention, however, requires Suntech to transmit the Complaint and summons to the receiving country's "Central Authority." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The Hague Convention affirmatively requires the Central Authority to effect service in its country if the documents to be served comply with the applicable requirements. *Id.*

This method of service, as a practical matter, cannot be completed prior to the preliminary injunction hearing or the October 13 trade show. Service of process in Hong Kong via the Central Authority generally takes three months. Bleeker Decl., ¶ 8. Plaintiffs' motion for a preliminary injunction is set to be heard in approximately one month, on October 6, 2008. Unless enjoined by this Court, on October 13, Sun Tech Solar Co., Ltd. will exhibit its infringing solar products under the "Sun Tech" mark, at the same location, and a few rows away from Plaintiff Suntech's exhibit of its nearly identical products also sold under the "Suntech" mark. Thus, if forced to proceed with service under the Hague Convention, Plaintiffs will not be able to effectuate service in time to prevent the imminent harm that will occur if Defendants are able to exhibit their infringing products in San Diego.

**B.    This Court Should Authorize Service By Other Means Under Rule 4(f)(3).**

Rule 4(f)(3) permits service of process on an international defendant "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *Rio Properties, Inc. v. Rio Int'l Interlink¸* 284 F.3d 1007, 1015 (9th Cir. 2002). The decision whether to allow alternative methods of service is committed to the sound discretion of the district court. *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004); *Rio*, 284 F.3d at 1016. Rule 4(f)(3) is especially

CHRISTIE, PARKER & HALE, LLP

useful in cases of "urgency" because it "allow[s] the district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted." *Rio*, 284 F.3d at 1015.

Service by means other than the Hague Convention is appropriate in this case due to the urgency of the upcoming trade show in San Diego for which Plaintiffs seek to preliminarily enjoin Sun Tech Solar from attending. Without Court intervention under Rule 4(f)(3), Sun Tech Solar, cannot, as a practical matter, be properly served prior to the trade show.

Service by Federal Express, facsimile and electronic mail are appropriate in this case. Service by mail in Hong Kong is not prohibited by international agreement. The Ninth Circuit has held that the Hague Convention "permits -- or, in the words of the Convention, does not 'interfere with' -- service of process by international mail, so long as the receiving country does not object." *Brockmeyer*, 383 F.3d at 803. Hong Kong does not object to service by mail. Bleeker Decl. ¶ 7; Exh. C.

Trial courts have authorized a wide variety of alternative methods of service under Rule 4(f)(3) including ordinary mail, facsimile and electronic mail. *See e.g., Brockmeyer v. May*, 383 F.3d 798, 805-06 (9th Cir. 2004); *Rio*, 284 F.3d at 1016. As the Ninth Circuit has noted, "communication via email and over the Internet . . . has been zealously embraced within the business community" and is therefore an appropriate method for service. *Rio*, 284 F.3d at 1017-18. Defendant Sun Tech Solar has clearly embraced this technology. On its website under the "Contact" section, Sun Tech Solar specifically provides potential customers with its email addresses. Bleeker Decl., ¶ 9; Exh. D. In addition, counsel for Plaintiffs have previously corresponded with Defendants via facsimile and electronic mail and have received responses, providing further assurance to the Court that service by this method will actually reach Sun Tech Solar. Bleeker Decl., ¶ 6.

Case No. 3:08-cv-01582-H-NLS

CHRISTIE, PARKER & HALE, LLP

## IV.    **CONCLUSION**

Without Court intervention, Plaintiffs will be unable to properly serve Defendant Sun Tech Solar prior to the preliminary injunction hearing on October 6, 2008 and prior to the trade show on October 13, where Sun Tech Solar will exhibit its infringing products.  Plaintiffs therefore request that this Court, in its sound discretion, permit service of process by Federal Express, facsimile and electronic mail, under Rule 4(f)(3).

DATED:  September 4, 2008

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
   G. Warren Bleeker

Attorneys for Plaintiffs,
SUNTECH POWER HOLDINGS CO.,
LTD., WUXI SUNTECH POWER CO.,
LTD., and SUNTECH AMERICA, INC.

GWB PAS812013.1-*-09/4/08 6:52 PM